# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DEWAYNE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL RAY, et. al.,<br><br>Defendants. | CV F   02 5747 OWW LJO P<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 15.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Mark Dewayne Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 7, 2002. On May 11, 2004, the Court dismissed the Complaint with leave to amend. Plaintiff filed a first Amended Complaint on January 7, 2005.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
8  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
9  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14 **B.  SUMMARY OF COMPLAINT**

15      According to the Complaint, on or about May 8, 1999, Plaintiff was working under the
16 supervision of Defendant Ray at the co-generation unit of Avenal State Prison when Defendant
17 Ray informed Plaintiff that he was "fired" from his job. Plaintiff went into the control room to
18 wait for an officer to escort him to his housing unit.   When Ray told Plaintiff to "get ready for
19 the officer," Plaintiff stood up and told ray "The only reason you fired me is because I'm smarter
20 than you." As Plaintiff turned to face Ray, Ray grabbed Plaintiff around the neck, jerked
21 Plaintiff toward him, slammed him against the partition and severely choked Plaintiff with both
22 hands. Plaintiff was able to break free from Defendant Ray's grasp.  When Plaintiff asked Ray
23 what he was doing and suggested that Ray was putting his job at risk, Defendant Ray attacked
24 him again. Defendant Ray grabbed Plaintiff in a headlock and attempted to ram his head through
25 a plate glass window but Plaintiff broke free before that happened. Shortly thereafter, Defendant
26 let go and Plaintiff left the room.  Defendant Ray then got on the telephone.  When he came out
27 of the control room he said "Lets finish this. I was trying to pull out your larynx." A
28 transportation officer arrived and took Plaintiff to his housing unit.

During the course of the investigation in to the incident, Plaintiff was placed in administrative segregation and remained there for a total of 56 days and beyond his scheduled release on parole. Plaintiff names Correctional Officer Ray, Warden Mike Madden, C.A. Terhune, former Director of Corrections, Kathy Mendoza-Powers, Associate Warden and Does 1 through 50 as Defendants and seeks compensatory and punitive damages.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

> The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Eighth Amendment - Excessive Force*

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force

"maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a 6sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

In this case, Plaintiff alleges that Defendant Ray, his work supervisor, fired Plaintiff and when Plaintiff stated that he was "smarter" than Defendant, Defendant physically attacked him by grabbing Plaintiff around his neck and later attempted to ram Plaintiff's head through a glass window. (First Amended Complaint at 4.) Plaintiff sufficiently states a cognizable claim of excessive force against Defendant Ray.

*3. Supervisory Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied,* 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the

4

alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Here, Plaintiff does not link any of the named Defendants to any particular act or omission nor does he allege any facts indicating that any of the named Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, Plaintiff fails to state a claim for relief under a theory of supervisory liablity.

*4. Conspiracy*

In the context of conspiracy claims brought pursuant to Section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants. Accordingly, the Complaint fails to state a claim for relief of Conspiracy.

*5. Procedural Due Process*

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In Sandin v. Conner, 515

5

U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Here, Plaintiff alleges that he was denied due process because he was not given an "informal hearing structured to assure that a finding of a rules violation would be based on verified facts and that the exercise of discretion would be informed by an accurate knowledge of Plaintiff's behavior." (First Amended Complaint at 10.) In support of this contention, Plaintiff cites to Morrissey v. Brewer, 408 U.S. 471, 484 (1972). However, Morrisey is inapplicable to the case at hand as it concerned the revocation of Parole in a Petition for Writ of Habeas Corpus. The instant action is a Civil Rights action filed pursuant to Section 1983. In addition, Plaintiff is not challenging a parole revocation as he indicates in the First Amended Complaint that he was scheduled for release on parole at the time of the incident at issue in this case.

With regard to Plaintiff's allegation that he was entitled to an "informal" hearing, the Court finds such allegation patently without merit. Plaintiff concedes that a formal investigation of the incident occurred, hence his confinement in administrative segregation. (First Amended Complaint at 5.) In addition, Plaintiff concedes that he underwent a rules violation hearing as he was "found guilty of a minor administrative rules violation for allegedly provoking Defendant Ray. . ." Id. at 10. Finally, Plaintiff does not allege that he was deprived of any of the protections set forth above nor does he link any of the named Defendants to an act or omission giving rise to the constitutional violation stated. That Plaintiff believes he is entitled to some lesser protection he believes he should have is without merit and does not state a cognizable due process claim for relief.

   *6. Battery*

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 1999); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). Plaintiff's allegations are sufficient to give rise to an assault and battery claim against Defendant Ray. However, the California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6.

To state a tort claim against a public employee, the Plaintiff must allege compliance with the Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (*citing* Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997). Plaintiff has not alleged compliance with the Tort Claims Act. Accordingly, his complaint does not contain a cognizable claim for relief under state law for assault and battery.

   *7. Intentional Infliction of Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

7

disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (*citing to* Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).

As in the case above, Plaintiff's allegation that he suffered "severe emotional distress" as a result of Defendant Ray's actions is purely conclusory. Plaintiff offers no facts to support a claim for relief for intentional infliction of emotional distress. Accordingly, the First Amended Complaint fails to state a claim for relief on this ground.

**D. CONCLUSION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendant Ray for excessive force. However, Plaintiff's First Amended Complaint does not contain any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file a Second Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with the claim found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:
    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

1         b.    Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **November 16, 2005**           **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE